At this time, we'll hear Latty v. Lynch. Good morning. Good morning, Your Honors. May it please the Court, Emily Walsh of Spahn Bernstein, Counsel for Petitioner-Appellant Mr. Gary Latty. Mr. Latty entered the United States in 1999 on a P-3 non-immigrant visa. He was served with an NTA in July of 2012. Mr. Latty is the father and primary caretaker of two U.S. citizen daughters. Mr. Latty's only drug-related arrest was vacated in 2012. He took an Alford plea in this case and has never made any admissions of selling or trafficking drugs. But doesn't an Alford plea constitute a concession under oath that the government has enough evidence to secure a conviction? In this case, on the record, the Court specifically asked Mr. Latty, were these drugs for personal use? He said yes. He has never made any admissions that he was selling drugs, that he was trafficking any drugs. If it's an Alford plea, then there's no admission to guilt. It's an admission, however, that the government has evidence sufficient to secure a conviction, and why doesn't that constitute a reason to believe that he did the thing, even if he's denying it? In this case, that plea was also vacated. There is technically no plea. The plea was vacated, and the immigration court found that he was an illicit trafficker based on an uncorroborated police report. There was no other evidence other than an uncorroborated police report. In most cases, when they find a reason to believe, the petitioner would have been found with a substantial amount of drugs, pounds and pounds of drugs. That was not the case here. Are you saying that on the police – oh, pardon me. No, go ahead, please. The police report was really quite detailed. It involved reports admitting that it's hearsay and wouldn't be admissible in some proceedings. In terms of providing a basis for a reason to believe, it looks much more detailed to me than the report that was in the Garces case that was found wanting in the 11th Circuit. And I wonder why you believe, as I take it you do, that this report wouldn't be sufficient to provide the agency with a reason to believe that he was involved in trafficking. In the police report, it mentions a stash house. There was nothing about my client being found with drugs in his personal home. There was no searches of his personal home where drugs were found. But in the car with him was a substantial quantity of marijuana that was packaged. You could smell a small odor of marijuana, could see three clear plastic bags each containing a plant-like substance. It was consistent in appearance and texture of how marijuana is packaged for sale. He refers to this stash house with maybe one to two pounds more of drug, which was not located where he identified but was someplace else. There were scales. And he had $600 in cash. Isn't that, even if it's not proof beyond a reasonable doubt that he was a trafficker, why is it that insufficient to provide reason to believe that he was involved in trafficking? One of the other issues, Your Honor, is that we believe his due process rights were violated. This reason to believe argument was brought up by the immigration judge in this case. It was not brought up by the department. The department is not the one who decided to basically make this the main issue in the case. It was actually the immigration judge who took it upon himself to bring up these cases, to bring up this argument and decide that this was the only issue that was going to be focused in his merits hearing. Has he not had a chance to respond? And did not your client's counsel at the time consent or agree that that was the issue? His attorney did consent and decide that that was the issue. However, we've also argued that that attorney who represented him at the time was ineffective and that her consent and what she had stated on those records was ineffective assistance of counsel. She did not provide him with effective representation. She did not make a claim and try to argue any other points that he did have good moral character or bring up anything else to the point that it should show that the department is the one who should be arguing that there's a reason to believe that he was an illicit drug trafficker. The relief that you were seeking is discretionary, is purely discretionary. The relief is discretionary, Your Honor. Yes, so I don't know why the I.J. could not bring up issues that the I.J. thought had bearing upon a discretionary determination that the I.J. would be required to make. It is the burden of the Department of Homeland Security in this case to decide that, to bring up the issue that he's an illicit drug trafficker. And it should be their questioning and their proof to prove that he's an illicit drug trafficker. It should not be on the immigration judge who should be an impartial and unbiased member to question my client as to whether or not there's a reason to believe he's an illicit drug trafficker. How did this police report and Alfred plea come to the attention of the I.J.? I believe that it's possible that his counsel is the one who provided that to the court, as you would if you were at requesting relief. And just so I'm clear, please, where are you finding ineffectiveness of counsel? Only in the immigration proceedings or in the underlying criminal proceedings as well? No, in the underlying immigration proceedings. We're not talking about the criminal case. He did file a motion to vacate, which was based on ineffective assistance of counsel in the criminal case, which was granted. Based on the Padilla case? Correct. But that actual determination was not even made whether the ineffective assistance of counsel was clearly based on only failure to warn him of his immigration consequences. Was it based on Padilla or was it failure to comply with the Connecticut statute requiring disclosure of immigration? It was failure to comply with the Connecticut statute. But the same parallel? Yes, the same parallel. But I do believe that his counsel did make arguments saying that he was not properly advised as well as the fact that they believed that there was ineffective assistance of counsel based on other factors other than just ineffective assistance of counsel. Had there been ineffective assistance of counsel at the stage of the criminal proceeding, separate and apart from the basis on which the plea was vacated, would that not have had to have been brought to the attention of the IJ? Should not the IJ have known that your client also felt that perhaps the circumstances leading to the creation of the police report were somehow improper? That is correct. And his immigration attorney at the time should have brought that to the attention and made it explicitly clear. I don't believe she did that. There were times where she did try to infer that, but I don't think it was made completely clear to the judge. She said on multiple occasions in the record that she believed that he was not advised of his immigration consequences as well as she believed that there were other issues of ineffective assistance based in his Connecticut Alford plea. Why would the failure to advise of immigration consequences impair the inference that an Alford plea is reason to believe that a person engaged in drug transactions? We believe that although there is an Alford plea that my client took. However, it was subsequently vacated and there has been no admissions by him stating that he was selling drugs. You don't need any admissions to have reason to believe that a thing happened. You can have evidence. I mean, you said that all of this evidence was found at a stash house, but not in his own dwelling. It could be he doesn't work from home, so he works at the stash house. He had stated, Your Honor, that this stash house, that he had no knowledge of that. Didn't he send the police there? Didn't he consent? In the police report, it states that he had given consent to a stash house. He has testified in his immigration case that this stash house was not his, that he did not give consent, that he did not know where the key apparently was to open this stash house. He has made no admissions that he ever sold drugs. He doesn't have any previous convictions of selling any kind of drugs. He was not caught with pounds and pounds of marijuana, as in most cases, that where an illicit trafficker is found. And he was also not found with any kind of ledgers and things like that that were found in the Nowak case. I believe I've gone over, so I will let my counsel go. You've resumed. Yes, I did. We can hear you then, Ms. Wilk. Yes, thank you. Good morning, Your Honors, and may it please the Court, David Whatmore of the Department of Justice for the Attorney General. Just to correct one threshold matter regarding who doesn't really matter, but who raised the reason to believe issue, it was actually counsel for DHS. It's at page 127 in the record. It's pretty clear after they determined that the petitioner's wife had left and gone to Canada and he no longer had an I-130 or was eligible to adjust, they raised that issue with regard to the only potentially remaining form of relief, which was cancellation of removal. So any argument that the immigration judge was somehow biased by raising this, which the immigration judge wouldn't because it's a statutory bar anyway, is just simply false. Isn't there a question, sir, of notice? I mean, he came to the proceedings with an NTA that did not reference the ultimate basis that the IJ found. Well, Your Honor, it's not because it's not a ground of removability. The one ground of removability was that he's a visa overstay. He conceded that the criminal charges, once everybody learned that the plea had been vacated, were dropped. There's really no issue regarding that. He had plenty of notice, and his counsel, at the beginning of the merits hearing, conceded that this was the one and only issue, whether the attorney general had a reason to believe that he had been in the past an illicit trafficker in marijuana. With regard to the police report, it's contemporaneous. It's sworn. What standard of proof do we have to get to? What constitutes reason to believe? Is it a probable cause or something more? It's what the board has interpreted that. It's substantial evidence. The court would be reviewing for substantial evidence. But to make the determination, it's reasonable, substantial, and probative evidence, which we really believe that this court's unpublished decision in Nowak is highly instructive. We have almost an identical police report. Only in this case, we have almost ten times the amount of drugs found on the petitioner that we did in that case. On him or at the stash house? In his car. Most of the drugs were actually in his car. There's a little bit of a mark on the police report. So it's not clear if it's 296 grams or 396. Either way, at a minimum, it was over ten ounces of marijuana. So this is not a small amount. And then at the stash house, they located additional packing materials. They found the scales just like they did in Nowak. They found the residue on the scales just like they did in Nowak. It really is, from that standpoint, really on all fours with this stash house. The police report indicated that he led them to this stash house. He signed consent for search. And he located and gave them the key to enter this stash house. His own self-serving testimony, once he knew that, very fortunately for him, that this evidence had been destroyed after his plea was entered, really, as both the immigration judge and the board found, it really paled in comparison to the overwhelming evidence, both in the sworn contemporaneous police report, as well as what he admitted, as Judge Jacobs pointed out, that the state did have enough evidence in his plea colloquy. The state said, you committed the offense when you have marijuana for sale. You understand that? And he answered yes. Isn't it a little odd, though? Doesn't it strike you as a little odd to be assigning immigration consequences to a plea that was vacated because someone had failed to advise him of immigration consequences? I mean, this is just the kind of consequence that the law requires him to be advised of. I mean, I feel personally more comfortable relying on the police report. So can you make me more comfortable about looking to what happened in the plea colloquy after the plea was vacated for just this reason? Absolutely, Your Honor. We submitted in our briefing, and it's our position today, that the police report, the sworn contemporaneous police report, is sufficient on its own. The Nowak decision talked about that and said, you know, that is reasonable, substantial, and probative evidence, which is enough. Within the plea colloquy itself, they asked him, possession with intent to sell, how do you plead? He knew what the charge was. He pleaded guilty to it. We have the evidence there. And he hadn't been advised about immigration consequences from the guilty plea, right? Yes, through a rather strange response that he gave at the beginning of it when he was asked, you were a citizen, right? He said, yes, sir. And then later claimed that somehow he thought that that referred to a citizen of any country, Timbuktu, Jamaica, whatever that happened to be, even though he was sitting in a United States court within the United States. It sort of stretches reason. But going back, the Connecticut Court of Appeals in Saxena said that even if there is a violation of this Connecticut statute to provide these warnings, it does not render the plea not knowing and voluntary. So, again, we have a knowing and voluntary plea to these same charges that would show that he acknowledged the government had plenty of evidence to go forward with the charge of ---- Have we ever issued a presidential opinion saying that substantial evidence standard applies to the reason to believe a finding or that it can be supported by dismissed charges? Not that I'm aware of. I could look back through our brief. I know that when in discussing the issue in NOAC ---- I looked through your brief. That's why I'm asking. Yeah. The federal appendix is not dog-eared very much. Sure. Sure. Absolutely. Yeah. It's not an issue that comes up a lot. It's not one that's been addressed often. And when this court did address it in NOAC, it took the position that we're taking in the brief now that it can go forward in that manner. Really, the only other issues here, it's clear as far as any ineffective assistance of counsel claim, none of that was raised to the board. It's unexhausted. Does he have an opportunity to raise that or pursue that in any way now? Oh, absolutely. He's had an opportunity to pursue that at any time. And the proper vehicle would be a motion to reopen with the board, where he has to comply with the procedural requirements of matter of lazada. He has to show prejudice. He has to inform the other counsel, allow the other counsel to respond. None of that's been done. And, you know, the failure to do it and try to sneak it in the brief now is it simply doesn't fly, and there's no jurisdiction to consider it. If the court has nothing further, we suggest that the court deny the petition for review. Thank you. We'll hear rebuttal. I would like to draw your attention to page 8 of the record, where the immigration court in their decisions specifically state, the respondent was notified by the court that one of the issues in the adjustment case was whether a respondent was inadmissible under Section 212A2C of the Act, namely an alien who the attorney general knows or has reason to believe that was or is an illicit trafficker and a controlled substance. This is, again, one of the my we believe that the court took it upon themselves, again, to probe the argument of whether my client was an illicit trafficker, that it was not done by the department. If it was done by the department, I don't believe that we would be making this argument. What do you have to say to the citation offered by your opposing counsel? Of the NOAC case? No, no, the citation to the record in which he says that. I do agree with counsel that the department raised the issue. However, it was the judge who took it upon himself in this case to make most of the questions, to decide that that was the only issue that was going to be done in this case, to bring it up at almost every single hearing where his attorney at the time did consent to it. I would also believe that the arguments regarding the NOAC v. Lynch case, that it is not similar to my client's case. Again, it was not his apartment. It was not his bedroom. He did not swear before the immigration court, as in NOAC, that he had marijuana scales and Ziplocs found in his bedroom. There was never an admission on the record that he admitted to selling drugs. All he has admitted that he used them for his personal use. This is his only criminal conviction regarding the – that was his only vacated criminal conviction regarding drugs and sale of drugs. He has no other criminal convictions for anything regarding drugs. What would you say the standard is? We are referred to the phrase reason to believe, and the government has said that that means reasonable, substantial, and probative evidence supporting that reason to believe. What would you say it is? That it should be supported by substantial evidence. And in here, all we have is an uncorroborated police report and a vacated Alford plea. That is not substantial evidence to believe that someone is a drug trafficker. If there were multiple convictions, that would be another story. If he was found with pounds of marijuana, if it was found in his home, as in any of these other decisions, that would be a different case than we have here. If there were a police report that said he had been found with a pound of marijuana in the car, that would be sufficient? No, Your Honor, we don't believe so. Because? Because that is not – as well as the fact that there would be an admission. There is no admission here. He has never admitted to selling drugs. The immigration judge asked him, the department asked him, he was asked also by the criminal court in Connecticut. Never has there been a finding that he has admitted to that he was selling drugs. Has he used drugs? Yes. Okay. Thank you, Your Honor. Thank you both. We'll reserve decision. The case of Sanchez v. New York is taken on submission. United States v. Reyes is taken on submission. And United States v. Pinheiro is taken on submission. That's the last case on calendar. Please adjourn the court. Court is adjourned.